could not be more than involuntary manslaughter. On the other hand, if the shooting was intentional, and was done so carelessly and recklessly that the law would imply an actual intention to kill from the mere wantonness of the act, and death resulted, it would be murder. This question was not properly submitted to the jury, and for this reason a new trial will be ordered.

9–10–11. The head-notes state all that need be said concerning these grounds of the motion for a new trial.

*Judgment reversed.*

---

### JORDAN, administrator, *v.* GROGAN

#### CLAIM. PRACTICE. EVIDENCE.

Although it may be irregular to dismiss a claim for want of any evidence to support it, yet if the claimant, after admitting possession in the defendant in *fi. fa.* at the time of the levy, thus making a *prima facie* case for the plaintiff, closes his evidence without showing anything to overcome the effect of his admission, the error is immaterial and the judgment will not be reversed.

July 13, 1891.　　　　　　　　　　　　　*Judgment affirmed.*

From Cherokee superior court. September term, 1890. Before Judge GOBER.

GLENN & MADDOX, for plaintiff in error.

W. H. SIMMONS and C. D. PHILLIPS, *contra.*

---

### LOGAN *v.* THE WESTERN & ATLANTIC RAILROAD CO.

1. When not checked by contract, the legislature may vary by a special law any of the privileges, powers, rights, duties or obligations of a particular corporation except such as by an existing general law are common to all corporations. But provisions applicable alike to all must remain applicable to each until they are changed by a general law. Hence, with section 1679 of the code in full force, which declares that all corporations have the right to sue and be sued, to have and use a common seal, to make by-laws, to receive donations, to purchase and hold property necessary for the purpose of their organization, and to do all acts nec-